AO 91 (Rev. 11/11)  Criminal Complaint

| | | | |
|---|---|---|---|
| AUSA: | Andrew Picek | Telephone: | (313) 226-9652 |
| Special Agent: | Bradley Sundberg | Telephone: | (313) 202-3400 |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
   v.
Xavier Camron Lee Sims

Case No.  Case: 2:25−mj−30071
Assigned To : Unassigned
Assign. Date : 2/13/2025
Description: CMP SEALED MATTER (DA)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 8, 2025__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C § 922(o) | Illegal Posession of a Machinegun |

This criminal complaint is based on these facts:
see attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Bradley Sundberg, Special Agent
_____
Printed name and title

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: February 13, 2025

_____
Judge's signature

City and state: Detroit, MI

Hon. Elizabeth A. Stafford, United States Magistrate Judge
_____
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Special Agent Bradley Sundberg, being duly sworn, do hereby state the following:

### I.  INTRODUCTION

1. I am a Special Agent with the ATF and have been so employed since February of 2024. Prior to starting my career with the Department of Justice I was employed with the Department of Homeland Security for 17 years. I am currently assigned to the Detroit Field Division. I completed twenty-six weeks of training, which was comprised of the Criminal Investigator Training Program and the ATF Special Agent Basic Training program at the Federal Law Enforcement Training Center in Glynco, Georgia. I received extensive training on firearms identification, common scenarios involving firearms and narcotics trafficking, identification and effects of controlled substances, and criminal gang activities.

2. I make this affidavit based on my participation in this investigation, conversation with other law enforcement officers, a review of relevant police reports, inspection of evidence, review of audio and video evidence, and information gained through my training and experience. The information provided below is for the limited purpose of establishing probable cause and therefore does not provide all facts known to law enforcement concerning this investigation.

3.      This affidavit is submitted in support of a complaint charging Xavier Camron Lee SIMS (hereinafter "SIMS") with violating Title 18 U.S.C. § 922(o), illegal possession of a machinegun.

## II.    PROBABLE CAUSE

4.      Title 18 U.S.C. § 922(o) prohibits the possession of a machinegun manufactured after May 19, 1986. An individual can affix a machinegun conversion device to a Glock pistol to make the pistol shoot automatically and function as a machinegun. Pursuant to 18 U.S.C. § 921(a)(23), the term, "machinegun" has the meaning given in 26 § 5845(b) of the National Firearms Act (NFA). Under the NFA, the term "machinegun" means "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person." 26 U.S.C. § 5845(b). A machinegun conversion device – commonly referred to as a "Glock Switch" or "Glock Auto Sear" – is a part, or combination of parts, designed and intended for use in converting a semiautomatic Glock pistol into a weapon that shoots automatically more than one shot, without

2

manual reloading, by a single function of the trigger machinegun; therefore, it is a "machinegun." Further, ATF is not aware of any machinegun conversion devices for Glock pistols that were developed before May 19, 1986. As such, all machinegun conversion devices for Glock pistols are considered post-1986 machineguns.

5.  On February 8, 2025, at approximately 0019 hours, Detroit Police Officers responded to a ShotSpotter police call on Murray Hill Street in Detroit, MI. Upon canvasing the neighborhood, they saw Xavier SIMS get out of a white Ford Fusion, approximately one block away from the ShotSpotter. While still in their patrol car, the officers asked SIMS if he heard any shots fired. SIMS denied hearing shots fired. At that time, the officers noticed SIMS blading the left side of his body away from them in an apparent attempt to obscure their view of contraband he may have had on him. In response, Officer Stewart got out of the patrol car and saw SIMS attempt to leave. At the same time, Officer Stewart saw an extended magazine sticking out of the left side of SIMS's coat.

6.  When officers attempted to detain SIMS, a firearm fell to the ground: a Glock, model 29 GEN 4, 10mm caliber firearm bearing serial number BZSK635 and loaded with an extended magazine with live rounds. Attached to the firearm was a machine gun conversion device. SIMS was arrested.

7.  Officers from the Detroit Police Department conducted a post-*Miranda*

3

interview with SIMS. SIMS admitted to possessing the firearm and knowing that the firearm had a machine gun conversion device, also known as a "switch," affixed to it. SIMS admitted that he knew that a machine gun conversion device was used to make the firearm function as a fully automatic weapon. The firearm was later test-fired for entry into NIBIN and preliminary ballistics testing showed the firearm was used in a non-fatal shooting on January 22, 2025, and a shooting at a house on January 27, 2025.

8. Based on my training, experience with machinegun conversion devices in other investigations and conversations with other law enforcement officers, I am aware the machinegun conversion devices typically are affixed below the rear sights to the back of the slide of the firearm. I am also aware that machinegun conversion devices function by having a piece of metal that applies pressure to the trigger bar, which effectively stops the trigger of the firearm from resetting after a trigger pull. This machinegun conversion device has this component. As this type of machinegun conversion device was manufactured after the machinegun ban in 1986, none of these devices can be legally possessed by civilians. Therefore, SIMS's possession of this firearm with the machinegun conversion device was in violation of Title 18 U.S.C. § 922(o), illegal possession of a machinegun.

### III.   CONCLUSION

9. Probable cause exists that on or about February 8, 2025, Xavier Camron

Lee SIMS illegally possessed a firearm with a machinegun conversion device in Detroit, in the Eastern District of Michigan, in violation of Title 18 U.S.C. § 922(o), illegal possession of a machinegun.

_____
Bradley Sundberg
Special Agent, ATF

Sworn to and subscribed to me in my presence,
this day of February 13, 2025

_____
Hon. Elizabeth A. Stafford
UNITED STATES MAGISTRATE JUDGE

5